*301
 
 Battle, J.
 

 The claim of the State to the tax, specified in the present case, is so manifestly unfounded, that we have no hesitation in sustaining the demurrer and dismissing the bill. In the case of
 
 Alvany
 
 v. Powell, 2 Jones’ Eq. 51, it was assumed that the tax on legacies to collateral kindred or strangers, and on distributive shares, claimed by collateral next of kin, could apply only where the testator or intestate was domiciled abroad, leaving at his death personal property in this State, or had his domicil here, owning personal estate, situate in cither States or countries. In England, it seems to have been settled by the case of
 
 Thompson
 
 v.
 
 The Lord
 
 Advocate, 12 Clark and Finnelly, 1, that the domicil of the deceased determined the right of the government to the tax under a statute similar to ours, while we decided that the
 
 situs
 
 of the property in this State was the true foundation for the claim to the tax. It never has been contended, either in England or in this State, that if the testator or intestate had his domicil abroad, and his personal estate were there also, any tax could be demanded of the legatee or next of kin, though they might be resident in 'the kingdom or State. The only true foundation of the right and power of taxation, is tire supr port of the Government by which persons and their property are protected. The Government must be maintained and supported, otherwise neither persons nor property can be protected and secured. Hence, it follows that persons and property residing or being within the limits of the Govern- • ment are the only proper subjects of taxation. In raising revenue from the devolution of personal property upon collateral relations, either by-will or by the statute of distributions, it is a mere matter of expediency -whether the
 
 domicil
 
 of the decedent, or the
 
 situs
 
 of the property bo adopted as the rule; but, if there be neither
 
 domicil oí
 
 the testator or intestate, nor
 
 situs
 
 of his property within the country, no Government of which we have any knowledge has attempted to impose a tax upon the
 
 legatee
 
 or
 
 next of 1dm,
 
 merely because of his or their residence within it. After the legacy or distributive share has been received, it then becomes a part of the property of one
 
 *302
 
 of She citizens of the State, and then it may be taxed in eom■'mon with any other property of the like kind. A very slight examination of the provisions of the 99th chapter of the Rev. Code will suffice to show that onr Legislature did not intend to-depart from the just principle of taxation of which we have spoken. The first section mentions citizens of the State and Owners of property situate in the State, as being the sources •&om which the revenue is to be derived. In the 7th section, a stasis imposed upon legacies to collateral relations and to strangers ¡upon distributive shares devolving upon collateral next of kin ; and the three succeeding sections specifies the manner in which it is to be collected and paid into the public treasury, lids-to be retained out of the estate of the decedent by the executor or administrator, and paid by him to the clerk of the, Court of Pleas and Quarter Sessions of the county wherein :the will was proved or administration granted. Remedies are then provided for obtaining the taxes from delinquent clerks ; and a mode is pointed out for having the value of the -specific articles ascertained. All this proves conclusively that '.there must be the domicil of the deceased, or the -situs of his personal property, to give the county court jurisdiction to take probate of his will, or grant letters of administration upon the
 
 bona notabilia.
 
 If there be neither, as in the ipresent case, then there are no means provided for collecting 'taxes, or in other words, there are no taxes imposed to be collected.
 

 The demurrer must be sustained and the bill dismissed. As .the cause is disposed of upon its merits, we have not deemed it necessary to examine critically the form of the bill, •nor to decide whether, if objected to, it could be sustained in -its.present form. The usual course in similar cases, is to file an-information in the name of the Attorney General or other 'proper officer for and on behalf of the State, aud, as a general -rule, ibis-best to follow ancient and approved precedents.
 

 .Per -Curiam, Demurrer sustained.